# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 2, 2020

LETTER TO COUNSEL

RE:     *Deboreah B. v. Commissioner, Social Security Administration*
        Civil No. DLB-18-4011

Dear Counsel:

On December 31, 2018, Plaintiff Deboreah B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 10, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on September 11, 2014, alleging an onset date of April 15, 2013. Tr. 268-77. Her claims were denied initially and on reconsideration. Tr. 130-37, 140-43. A hearing was held on October 13, 2017, before an Administrative Law Judge ("ALJ"). Tr. 36-77. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-22. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the thoracic and lumbar spine, fibromyalgia, and obesity." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, occasionally balance, stoop, kneel, crouch, and crawl; and she can have occasional exposure to extreme cold, vibration, and hazards.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a deli counter worker, but could perform other jobs existing in significant numbers in the national economy. Tr. 20-21. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

In support of her appeal, Plaintiff advances several general arguments with numerous subparts: (1) that the ALJ erred at step two by declining to find multiple impairments to be severe, ECF 10-1 at 10-17; (2) that the ALJ erred at step three in evaluating the listings, *id.* at 18-19; (3) that the ALJ erred in discounting Plaintiff's subjective assertions of disabling symptoms, *id.* at 19-27; (4) that the ALJ erred in assessing Plaintiff's RFC, *id.* at 27-29; and (5) that the ALJ erred in evaluating the VE evidence, *id.* at 29-34. Each argument lacks merit for the reasons discussed below.

First, Plaintiff asserts that the ALJ should have found numerous additional impairments to be "severe." ECF 10-1 at 10-17. An impairment is considered "severe" if it significantly limits the claimant's ability to do basic work activities. *See* 20 C.F.R. §§ 404.1522; 416.922. The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Here, the ALJ adequately considered Plaintiff's various impairments at step two. Tr. 12-16. The ALJ specifically considered degenerative disc disease of the cervical spine, osteoporosis, carpal tunnel syndrome, migraines, mild obstructive sleep apnea, overactive bladder, neuritis of the left foot, idiopathic peripheral neuropathy, bilateral knee osteoarthritis, left knee meniscal tear, and bursitis, and he cited to medical evidence to explain why each of those conditions was not severe. Tr. 13-15. The ALJ also discussed Plaintiff's mental impairments and explained why he found that her depression and PTSD were not severe. Tr. 15.

Plaintiff argues that the ALJ's adverse findings demonstrated "improper cherrypicking of random and isolated medical notes." ECF 10-1 at 10. However, Plaintiff does not meet her burden to establish that any of the contested impairments impose work-related limitations. *See id.* Accordingly, if the ALJ erred by failing to find certain impairments severe, it would be harmless. Because Plaintiff made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered severe and non-severe impairments that significantly impacted Plaintiff's ability to work. Tr. 17-20; *see* 20 C.F.R. §§ 404.1523, 416.923. Any step two error, therefore, was harmless and does not necessitate remand.

Second, Plaintiff challenges the ALJ's determination that her severe impairments did not meet Listing 1.04 (disorders of the spine) or Listing 14.09D (inflammatory arthritis). ECF 10-1 at 18-19. Regarding Listing 1.04, the ALJ cited to multiple exhibits to show that the record did not demonstrate evidence of compromise of a nerve root or the spinal cord, requirements of Listing 1.04. Tr. 17. The ALJ additionally pointed to the record for evidence of intact motor strength, normal gait, and negative straight-leg raise tests. *Id.*; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A-C. Furthermore, Plaintiff provides no citation to specific medical evidence suggesting that she meets each criteria of any subsection of Listing 1.04.

Regarding Listing 14.09D, the ALJ sufficiently supported his finding that Plaintiff's fibromyalgia did not meet the requirements.[1] Listing 14.09D requires:

---

[1] Because fibromyalgia is not a listed impairment, the ALJ evaluated Plaintiff's impairment under Listing 14.09D (inflammatory arthritis) in accordance with SSR 12-2p. Tr. 16; *see* Social Security Ruling 12-2p (Evaluation of Fibromyalgia), 2012 WL 3104869.

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 14.09D. Plaintiff does not argue that she meets the listing; rather, she argues that the ALJ "improperly focused only on the aspect of this Listing pertaining to marked limitations in activities of daily living, social functioning and/or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." ECF 10-1 at 18. It is true that the ALJ did not discuss every requirement of Listing 14.09D's requirements. *See* Tr. 17. The ALJ, instead, cited to the record to show that Plaintiff did not have a marked limitation in one of the listing's three enumerated limitations. *Id.* Because Listing 14.09D requires a claimant to have a marked limitation in at least one of the enumerated areas, the ALJ sufficiently supported his determination that Plaintiff did not meet the listing by showing that she did not meet at least one of them. Plaintiff further asserts, without specific citations to the record, that she has "significant difficulty doing [activities of daily living] and/or cannot do them at all." ECF 10-1 at 19. However, the ALJ noted that "[t]he record frequently indicates normal activities of daily living." Tr. 17.

Thus, at step three, the ALJ permissibly concluded that Plaintiff did not satisfy the criteria of either Listing 1.04 or 14.09D. This is not an instance where "[i]nconsistent evidence abounds, . . . 'leav[ing] the court] to wonder' in such a way that [the court] cannot conduct 'meaningful review.'" *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished) (quoting *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)); *see also Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (unpublished) (per curiam) (remanding when the ALJ's step three decision was deficient despite the Commissioner's contention that the listing clearly was not met, finding that the claimant's "medical record [was] not so one-sided" that the court could say the listing was not implicated). The record in this case, as accurately summarized by the ALJ, does not support the presence of the listing criteria.

Third, Plaintiff argues that the ALJ, in discrediting her subjective complaints of disabling pain and other symptoms, relied solely on the absence of objective medical evidence, and that, to the extent the ALJ credited Plaintiff's subjective complaints, he failed to explain how her statements undercut her credibility. ECF 10-1 at 19-27. It is true that the ALJ relied on the absence of objective records and examination results to discredit Plaintiff's subjective complaints, but he also relied on reports that demonstrated Plaintiff's activities of daily living were not limited. Tr. 19 ("[T]he record indicates she is able to perform her normal activities of daily living."); *id.* (noting that Plaintiff helped her sister move a dresser); *id.* (noting Plaintiff was "in increased pain when out of medication" and upon "lifting a heavy bag over her shoulder"). Plaintiff specifically takes issue with the ALJ's characterization of Plaintiff's ability to move a dresser. ECF 10-1 at 23. Plaintiff alleges that she "pushed herself too far when helping her sister move her dresser and actually injured her

back in so doing." *Id.* The record confirms Plaintiff's experience. *See* Tr. 551 (medical record noting that "[w]hen she lifted [the dresser], she felt a pop in the low back and experienced immediate pain throughout the lumbar spine."). However, even if the ALJ misread Plaintiff's experience moving her sister's dresser, this is not a case where the ALJ failed to consider other factors, beyond objective medical records, bearing on the veracity of Plaintiff's subjective allegations of pain. *See Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) ("[S]ubjective evidence of pain intensity cannot be discounted solely based on objective medical findings."). The ALJ appropriately summarized and considered Plaintiff's subjective statements, in addition to the objective results from her medical examinations, to determine her condition.[2] Tr. 18-19. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

Fourth, Plaintiff argues that the ALJ's RFC determination did not include an appropriate function-by-function analysis. ECF 10-1 at 27-29. I disagree. The ALJ's analysis of the evidence is detailed, clear, and supported by citations to the record. Tr. 18-20. In particular, Plaintiff argues that under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the ALJ should have discussed Plaintiff's ability to remain on task. ECF 10-1 at 27. *Mascio* requires that, upon a finding of "moderate limitation" in the functional area of "concentration, persistence, or pace," an ALJ must impose a limitation in the RFC assessment to address the impairment or provide an explanation as to why no such limitation is needed. 730 F.3d at 638. Here, the ALJ found that Plaintiff had a "mild limitation" in concentration, persistence, or pace. Tr. 16. Therefore, *Mascio* does not apply. In response to Plaintiff's argument that the ALJ's "RFC findings are inconsistent or ambiguous at best, including . . . occasional climbing of ladders, ropes or scaffolds in spite of the findings of Fibromyalgia, degenerative disc disease, and [o]besity as severe impairments making that type of climbing nearly impossible," ECF 10-1 at 28 (emphasis removed), the Commissioner states that the ALJ "provided a proper narrative building an accurate and logical bridge from the evidence to reach his conclusion," ECF 15-1 at 17. While the ALJ could have been more clear about why he included a limitation to occasional climbing in Plaintiff's RFC, Tr. 17, he did note, for example, that the evidence showed that Plaintiff had a "normal gait and stance" and that, after one month of cane usage in 2017, "subsequent exams [did] not show use of a cane," Tr. 19. Furthermore, even if the ALJ erred in not fully explaining the addition of climbing limitations, Plaintiff has not shown that the error was not harmless.

Plaintiff also asserts that if the ALJ had found more severe impairments at step two, the ALJ would have limited Plaintiff to "no more than sedentary, unskilled work at best," and considering

---

[2]Arguably, the ALJ could have cited to Plaintiff's subjective reports even more than he did. For example, Plaintiff wrote in her function report dated January 12, 2015, that she makes simple meals, sweeps the house, does the dishes, goes shopping weekly, watches tv, reads, occasionally goes to the library, and drives. Tr. 329-31.

Plaintiff's age, the "Grid" rules would have directed a finding of not disabled. ECF 10-1 at 29; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 2, §§ 201.12, 201.14. As previously discussed, the ALJ's step two finding was permissible, and the ALJ considered both severe and nonsevere impairments in his RFC discussion. Tr. 18-20. To the extent Plaintiff requests the Court to reweigh the evidence, the Court declines. *See Hays*, 907 F.2d at 1456.

Plaintiff's fifth and final argument concerns the VE testimony. Plaintiff contends that, as a result of a faulty hypothetical, the VE testimony did not constitute substantial evidence upon which the ALJ could base a conclusion. ECF 10-1 at 31-32. Plaintiff argues that the ALJ improperly adopted the first hypothetical posed instead of the second hypothetical, which included additional limitations added by Plaintiff's counsel at the hearing. *Id.* The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. 1999) (unpublished table decision), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations, *see Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ's first hypothetical question to the VE, which accurately incorporated the RFC assessment, was permissible, and he was not obligated to include any additional limitations that he did not deem valid.

Finally, Plaintiff argues that the VE's testimony was not consistent with the DOT. Specifically, Plaintiff argues that one of the identified positions, survey worker, is not a consistent full-time job because "it involves census taking which only occurs once every decade." ECF 10-1 at 33. Plaintiff provides no citations, to the DOT or otherwise, to support his definition of survey worker. According to the DOT, a survey worker may be a census enumerator, but the definition of survey worker includes a broad range of positions involving interviewing. U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 205.367-054 (4th ed. 1991). A survey worker:

> Interviews people and compiles statistical information on topics, such as public issues or consumer buying habits: Contacts people at home or place of business, or approaches persons at random on street, or contacts them by telephone, following specified sampling procedures. Asks questions following specified outline on questionnaire and records answers. Reviews, classifies, and sorts questionnaires following specified procedures and criteria. May participate in federal, state, or local population survey and be known as Census Enumerator.

*Id.* The VE testified that approximately 192,000 survey worker jobs exist in the national economy and did not limit Plaintiff to the subset position of census enumerator. Tr. 74. Therefore, Plaintiff's argument is without merit.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 10, is DENIED, and Defendant's Motion for Summary Judgment, ECF 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge